## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 04-cv-231-HRW**

**ROBERT L. YATES,II**

**PLAINTIFF,**

**v.**          **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability, disability insurance benefits, and supplemental security income benefits on February 19, 2002 (Tr. 151-153, 686-688), alleging disability beginning on February 9, 2001,

1

due to chronic back pain and three strokes (Tr. 160).  This application  was denied

initially and on reconsideration.  Three hearings were conducted by Administrative

Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified (Tr. 49-67, 79-89 and 96-98).  At the hearings,

vocational experts Anthony Michael, Joe Woolwine and Dwight McMillion

(hereinafter "VE"), also testified (Tr. 70-74, 90-92 and 98-103).  Testimony was

also received from Plaintiff's wife, Maureen Yates (Tr, 67-70).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not
disabled.

Step 2:  If the claimant is not performing substantial gainful work, his
impairment(s) must be severe before he can be found to be disabled based
upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a
severe  impairment (or impairments) that has lasted or is expected to last for
a continuous period of at least twelve months, and his impairments (or
impairments) meets or medically equals a listed impairment contained in
Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him
from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from

2

performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 25, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-24).  Plaintiff was 35 years old at the time of the hearing decision with a tenth grade education and a GED  (Tr. 166).  At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since  the alleged onset date of disability (Tr.22).  The ALJ then determined, at Step 2, that Plaintiff suffered from chronic low back pain and patent foramen ovale, which he found to be "severe" within the meaning of the Regulations (Tr. 22).  At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18).  In doing so, the ALJ specifically considered listings 1.00, 4.00 and 11.00 (Tr. 18).  The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 23) but determined that he  has the following residual functional capacity ("RFC"):

> [L]ift/carry 10 pounds frequently/25 pounds occasionally, stand/walk 8 hours in a 8 hour workday, 2 hours without interruption, occasionally climb, balance, stoop, crouch, kneel and crawl; has recovering spasms which affect ability to use/perform body but no hand motions (actions such as reaching and pushing/pulling are affected).

(Tr. 23).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as file clerk, telephone solicitor and inspector (Tr. 23).  The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VEs (Tr. 23).  Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 24, 2004 (Tr. 7-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 9] and this matter stands submitted  for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's brief is nothing more than a recitation from various medical reports contained in the record, interspersed with statements of the law. There is no real argument made. However, it **appears** that he contends that the ALJ's finding of no disability is erroneous because he failed to accord proper weight to the opinions of Plaintiff's treating physicians.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by

5

sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6ᵗʰ Cir. 1985).

In this case, the ALJ specifically stated that in assessing the Plaintiff's RFC, he "afforded great weight to the opinion of Dr. [Joseph] Bajorek as a treating physician." (Tr. 21). Indeed, the ALJ's hypothetical to the VE was based upon Dr. Bajorek's proposed limitations (Tr. 20-21, 683-685). The ALJ's RFC and hypothetical to the VE are also supported by the findings of another treating source, Dr. Harry Bell (Tr. 443-447) as well as three state agency medical consultants (Tr. 455-458, 522-529, 582-589) and two consultative physicians (Tr. 452-453 and 591-599). In fact, it appears that only medical opinion which is inconsistent with the ALJ's findings is that of Dr. Scott Mirani, who noted that Plaintiff's chiropractor, Dr. Robert Whittacker, advised Plaintiff from returning to work (Tr. 463). Dr. Mirani then told Plaintiff "not to return to work as there is no modified or light duty available in the first place" (Tr. 463). The ALJ found this "opinion" to be inconsistent with the other medical evidence of record, as cited above. Moreover, the ALJ was correct in disregarding Dr. Mirani's conclusory statement. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than

6

her past work.   *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).      As for the opinion of Plaintiff's chiropractor, it was, too, properly discounted by the ALJ as a chiropractor is not deemed an acceptable source of medical evidence.  *See* 20 C.F.R. §404.1513(a).

Based upon the record, the Court finds that the ALJ properly evaluated the opinions of the various treating and non-treating sources.  The Court finds that the ALJ's determination of no disability is supported by substantial evidence of record and that Plaintiff's claim of error is without merit.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 1, 2005.

J



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

7